## Musselman v. Diehl

494

C.P. of Blair County, no. 97 GN 5939.

*Joseph J. Nypaver,* for plaintiff.
*Matthew Lent,* for defendant.

CARPENTER, *J.,* April 28, 2000—The matter comes before the court on cross motions for partial summary judgment. Defendant Diehl's motion for summary judgment asks this court to (1) affirm plaintiff Musselman's purported limited tort election and (2) determine as a matter of a law she did not suffer a serious bodily injury in the motor vehicle accident underlying this litigation. Plaintiff Musselman's cross motion asks this court to invalidate any purported election of limited tort coverage on her part and determine as a matter of law she is conclusively presumed to have chosen the full tort alternative pursuant to section 1705(a)(1). Briefs were received and oral argument held on January 6, 2000. A further opportunity was then afforded for counsel to supplement their positions in writing. The record is presently closed on the motions.

The facts are as follows: Dorothy I. Musselman was an insured with Pennsylvania National Insurance Companies prior to July of 1990 when the amendments to the Motor Vehicle Financial Responsibility Law governing her limited tort election became law. Consistent with the enactment of 75 P.S. §1705 her first opportunity to choose a full tort or limited tort option occurred on or about September 27, 1991, when she received the option selection sheet. That sheet is attached to plaintiff's affida-

vit in support of partial summary judgment as exhibit D7. She subsequently reviewed and checked a similar form (exhibit D8) on or about April 27, 1992. Exhibits D7 and D8 represent all the documents provided by the insurer relative to the election of limited tort coverage. Reading these documents, it is apparent the insured received no notice which complied in any respect with the notice requirements of section 1705. She received only a selection sheet which required her to check "full tort" or "limited tort" as her tort option.

Defendant argues, notwithstanding the admitted failure to provide any notice whatsoever as required by section 1705, this plaintiff is without a remedy anywhere in the Motor Vehicle Financial Responsibility Law including section 1705. Defendant relies on the case of *Donnelly v. Bauer,* in support. We strongly disagree.

*Donnelly v. Bauer* is not even remotely the case before this court. The issue in *Donnelly* is stated as follows:

*"The sole issue in these consolidated appeals is whether the Motor Vehicle Financial Responsibility Law requires that an individual, who applies for an original insurance policy after July 1, 1990, be provided with a specific form which contains premium information for both the full and limited tort options.* While we find that the plain language of the MVFRL requires an individual purchasing an original insurance policy after July 1, 1990 to receive such premium information, we nevertheless affirm the order of the Superior Court because the MVFRL fails to provide a remedy to an individual who does not receive this information." *Donnelly v. Bauer,* 553 Pa. 596, 600, 720 A.2d 447, 448 (1998). (emphasis added) (footnote omitted)

The Supreme Court's unwillingness to invalidate an election for the failure to provide premium information in *Donnelly* is completely unlike the situation before this court. As the cited portion demonstrates, *Donnelly* involved a failure by the insurance carrier to provide premium information. Our case involves the failure to provide any information whatsoever as a review of exhibits D7 and D8 graphically demonstrates. Further, *Donnelly* involved insurers who were purchasing their first coverage after the date of the amendments. Our case involves an insured who specifically falls within section 1705 due to the renewal nature of her policy. As such, our case does not involve the differentiation between sections 1791 and 1705 of the MVFRL required in *Donnelly*.

The defense invites us to review *Donnelly* through a magnifying glass. We prefer the same 20/20 vision exercised by the Supreme Court. *Donnelly* was clearly decided specific to its facts as represented by the following: "the situation faced by appellants is markedly different. Here, *appellants were purchasing original coverage, not renewing existent policies. Also, appellants, based on a notice which accurately described the tort alternatives available in all regards except for the absence of a cost comparison, freely chose limited tort option and paid premiums in accordance with that choice, i.e., a premium lower than if they had chosen the full tort option. Based on these clear differences between appellants' situations and that contemplated by section 1705(a)(3) this court finds that section 1705(a)(3) of the MVFRL does not provide a remedy to appellants."* *Donnelly,* 553 Pa. at 610, 720 A.2d at 453-54. (emphasis added)

The court went on to opine shortly thereafter:

"Here, appellants, based on a notice form which provided accurate information on the difference between the tort alternatives, freely chose the limited tort option." *Id.* at 610, 720 A.2d at 454.

*Donnelly* dealt with a factual situation where the insurer had substantially complied with section 1705. It was also decided in part by a necessary interpretation of which provision of the MVFRL was applicable specifically, sections 1705 or 1791.

In our case, section 1705 clearly applies. The clear legislative purpose of section 1705 is to provide insureds notice of the reduction in rights which they will experience if they elect limited tort. The statute achieves this by requiring an explanation of both the full tort option and the limited tort option for their consideration. In the case before this court, *none* of that occurred. This insured received only two blocks to check. It is hard to imagine anything more in derogation/violation of both the letter and spirit of section 1705. As such, we believe no valid election occurred. Where that is the case, section 1705 provides the insured is conclusively presumed to have full tort coverage. This seems to us the logical result.

In so holding, we emphasize our belief this case is actually the opposite of what occurred in *Donnelly* as opposed to being distinguishable. In *Donnelly,* the Supreme Court was confronted with what they concluded was an election supported by adequate (albeit imperfect) notice. Our question goes to whether or not there can be an election absent *any notice whatsoever.* We have decided that issue in the negative concluding this insured should be treated as if she had failed to return the mandated notice required by section 1705 consistent with section 1705(e). Under the statute, such an insured (who

does not sign and return the notice) is deemed to have chosen the full tort coverage. Our present insured made her purported "election" without any information whatsoever to guide her, completely contrary to section 1705. As such, we properly vitiate her purported consent and afford her the protection of section 1705.

Accordingly, and consistent with the above, it is ordered, directed and decreed that plaintiff's motion for partial summary judgment on the coverage issue is granted and the plaintiff is conclusively presumed to have elected full tort coverage. As such, the defendant's motion for summary judgment on the coverage question is necessarily denied and defendant's additional motion asking this court to conclude the plaintiff did not suffer serious bodily injury is moot.